## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH PAONE, SR. AND | : | |
| SANDRA PAONE, his wife, | : | |
| Plaintiffs | : | |
| vs. | : | CIVIL ACTION - LAW |
| | : | JURY TRIAL DEMANDED |
| JOSEPH A. LIPUMA and | : | |
| WERNER ENTERPRISES, INC., | : | No.: 3:04-CV-970 |
| Defendants | : | |

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants, Joseph Lipuma and Werner Enterprises, Inc., by and through their attorneys, Rawle & Henderson LLP, move this Honorable Court to grant their Motion for Partial Summary Judgment, and in support thereof aver as follows:

1.    This action arises out of motor vehicle accident that occurred on July 22, 2003.  At about  3:00 p.m., Joseph Paone, Sr. was a front seat passenger in a vehicle owned and driven by Joseph Paone Jr. in the right lane of I-81 north in Mahanoy, Pennsylvania.

1

2.      At the same time and place, Kristin Laurenson was driving a vehicle behind Paone, and Lipuma was driving a tractor trailer owned by Werner, behind the Laurenson vehicle.  The vehicles moved to the left lane of I-81 because of an accident that was being cleared in the right lane and adjacent shoulder.

3.      After passing the area of the accident, Lipuma decided to move to the right lane. He looked in his right mirrors to determine whether the right lane was clear, but before he could change lanes, the Paone and Laurenson vehicles stopped in the left lane. Lane was unable to avoid striking the rear of the Laurenson vehicle, which then truck the Paone vehicle in rear.

4.      On or about March 2004, plaintiffs commenced this action against defendants.  See Plaintiffs' Complaint attached as Exhibit "A".

5.      In the Complaint, plaintiffs  alleged that their injuries and damages were caused by defendant Lipuma's negligent operation of a tractor trailer.  See Exhibit "A" at Counts I and II.

6.      In Counts III and IV of the Complaint, plaintiffs alleged that defendant, Werner Enterprises, Inc., is liable under the doctrine of *respondeat superior* for plaintiffs' injuries and damages because it is responsible for the negligence of Lipuma.  See Exhibit "A" at Counts III and IV.

7.      In Count III and IV of the Complaint, plaintiffs also alleged that defendant, Werner Enterprises, Inc., is liable for plaintiff's injuries and damages

because it was negligent in hiring, supervising and entrusting Lipuma with a tractor-trailer.  See Exhibit "A" at Counts III and IV.

8.    Additionally, plaintiffs have asserted a claim for punitive damages. See Exhibit "A" at Counts V and VI.

9.    Defendants have admitted that Lipuma was acting within the course and scope of his employment with Werner Enterprises, Inc. at the time of the July 22, 2003 motor vehicle accident.   See Defendants' Answer to the Complaint attached as Exhibit "B" at ¶ 4 .

10.    Defendants have also admitted that Lipuma breached a duty of care to Paone, Sr., thereby causing the motor vehicle accident.

### The Punitive Damages Claims

11.    Under Pennsylvania law, punitive damages are awarded only for outrageous conduct.  In other words punitive damages are awarded for acts done with "a bad motive or with a reckless indifference to the interests of others." *S. H . V.  Coal v. Continental Grain Company*, 526 Pa. 489, 587 A.2d 702 (1991).

12.    In order to establish reckless indifference justifying punitive damages, the defendants must consciously act in deliberate disregard of a known risk.  *Id.*

13.    The Third Circuit, applying Pennsylvania law, has held that evidence such as a failure to properly record time entries on driver's logs, lying on an employment application, and even lying at a deposition, are entirely irrelevant to a

determination of punitive damages.  *Burke*, 904 F.2d 178, citing *Martin*, 494 A.2d at 1097, n.12.

14.     Moreover, in a tractor trailer accident case, the Third Circuit has held that to recover for punitive damages, there must be evidence that the defendant driver consciously appreciated the risk of fatigue and potential to cause an accident. *Burke*, 904 F.2d at 183.

15.     There is no evidence to support the conclusion that Lipuma or Werner acted in conscious disregard of a known risk of  an accident on July 22, 2003, sufficient to rise to the level of outrageousness necessary to support a claim for punitive damages.

16.     Negligent hiring, a burdensome route schedule, and improper inspections, all fall short of anything more than ordinary negligence.   These allegations  do not constitute a cause for submitting the case to the jury on punitive damages under Pennsylvania law.  *Vargo v. Coslet*, Civil No. 3 CV-02-676 (Dec. 20, 2002).  See opinion attached hereto as Exhibit "C," *citing Burke* at 182.

17.     Plaintiffs rely on Cecil Lane, a consultant with the SALT Institute, to support their claims for punitive damages. See Report of Cecil Lane attached as Exhibit "D."

18.     According to Lane, Lipuma was in a state of "low mental arousal" or fatigue at the  time of the accident. See Exhibit "D."

19.    Lipuma testified at his deposition that he had taken a nap the morning of the accident and was not fatigued at the time of the accident.  See Deposition transcript of Joseph Lipuma attached as Exhibit "E." at p. 85.

20.    Lane is not qualified to testify as a sleep deprivation/fatigue expert. See *Curriculum Vitae* of Cecil Lane attached as Exhibit "F."

21.    Lane is not a medical doctor, does not work in the medical profession, nor does he have a degrees in any field of medicine, biology, psychology, physiology, human factors or conspicuity.   See Exhibit "F" and Deposition transcript of Cecil Lane attached as Exhibit "G" at pp.129-132 .

22.    Lane has conducted no sleep studies nor has he provided any information about studies relied upon by him regarding sleep deprivation and driver fatigue.  See Exhibit "D" and Exhibit  "G" at pp. 129-132.

23.    Lane did not analyze the medical, biological or environmental factors that may have affected Lanning's fatigue level.  See Exhibit "D" and Exhibit "G" at 129-132.

24.    Although Lane claims that he is a fatigue instructor, his *curriculum vitae* includes no presentations that he has given regarding fatigue.  See Exhibit "F."

25.    Lane admits that he is not an expert in sleep deprivation.  See Exhibit "G" at pp. 129-132.

26.     Therefore, Lane's opinions about Lipuma's state of "low mental arousal" or fatigue are nothing more than mere speculation.

27.     Lane supports his opinions based on his own reconstruction of Lipuma's hours of service during the days prior to the accident.  See Exhibit "D."

28.     Lane's hours of service reconstruction is unsupported by the record and the FMCSR and his methodology is unreliable. See Affidavit of Bob Tynes attached as Exhibit "H."

29.     For instance, under the FMCSR, the driver may log "off duty" or "sleeper berth" during the loading and unloading process if the motor carrier permits him to do so and he has no involvement in the loading and unloading process. 49 C.F.R. §395.8.

30.     Despite his review of the testimony of Duane Henn, Vice President of Safety for Werner, and Lipuma confirming that it was Werner's policy to permit drivers to log "off duty" or "sleeper berth" if the driver was not involved in the loading or unloading process in accordance with the FMCSR, Lane converted all of Lipuma's "off duty" time during the unloading and loading process of the trailer to "on-duty" time.  See Deposition of Duane Henn attached as Exhibit "I" at pp. 109-111, Exhibit "E" at pp. 102-103, Exhibit "D" and Exhibit "F" at pp. 58-59, 82.

31.     Additionally, Lane added time for post-trip inspections which are not

required by the FMSCR. See Exhibits "D" and Lane's Reconstruction of the Hours of Service Exhibit "J ."  See also, Exhibit "H."

32.    Lane also added time to each pretrip inspection and fuel stop with no factual support. See Exhibit "H" and Exhibit "F" at pp. 88, 93 and Exhibit "J."

33.    Defendants refer the Court to their Motion *in Limine* for a complete discussion of the unreliable methodology utilized by Lane to form his opinions.

34.    Even assuming *arguendo*, that Lipuma violated the hours of service regulations, such violations do not support a claim for punitive damages.   See *Burke, supra.*

35.    Lipuma admitted that he was provided a copy of the FMCSR and was aware of the 10 hour and 70 hour driving limitations rule.  See Exhibit "E" at pp. 25.

36.    The regulations contain no mention that the purpose was to avoid driver fatigue. See *Burke* at 184.

37.    The record contains no evidence that Lipuma consciously appreciated the risk of driving in excess of the 10 hour and 70 hour rules.

38.    Likewise, there is no evidence to establish that Werner knew of the risks, and consciously acted in deliberate disregard of those risks with regard to its auditing of Lipuma's logs and monitoring of his driving performance.

1221825 v.1

## The Negligent Entrustment, Supervision, Control and Monitoring Claims

39.    Given that there is no evidence to support the claims for punitive damages, plaintiffs' claims for negligent entrustment, supervision, control and monitoring against Werner are redundant and irrelevant.

40.    Under the doctrine of *respondeat superior*, Werner Enterprises, Inc. will be liable to plaintiffs for any negligence of Lipuma because defendants have admitted that Lipuma was acting within the course and scope of his employment at the time of the accident.  *See, Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36 (Pa. Super. 2000).

41.    The negligent supervision and entrustment causes of action are immaterial and irrelevant because Werner Enterprises, Inc. acknowledged that it will be liable to plaintiffs for any negligence of Lipuma, under the doctrine of *respondeat superior*.  *Holben v. Midwest Emery Freight System, Inc.,* 525 F.Supp. 1224 (W.D. Pa. 1981).

42.    The U.S. District Court for the Middle District of Pennsylvania, citing *Holben*, recently ruled that "to permit a case to proceed on *respondeat superior* and negligent entrustment would allow the evaluation of evidence which would be highly prejudicial and inadmissible in a cause of action based on the imputed negligence of the driver alone." *Vargo*, p. 3.

1221825 v.1

43.     Therefore, the cause of action for negligent supervision and negligent entrustment should be stricken.  *See,  Holben v. Midwest Emery Freight System, Inc.,* 525 F.Supp. 1224 (W.D. Pa. 1981).

WHEREFORE, defendants respectfully request that this Honorable Court grant their Motion for Partial Summary Judgment and dismiss plaintiffs' claims actions for punitive damages as well as negligent hiring, supervision and entrustment.

RAWLE & HENDERSON LLP


By:   */s/ Dawn L. Jennings*
          Jon Michael Dumont
          Dawn L. Jennings
          The Widener Building
          One South Penn Square
          Philadelphia, PA 19107
          215-575-4200
          Attorneys for Defendants,
          Joseph Lipuma and
          Werner Enterprises, Inc.