UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH PAONE, SR. and            :
SANDRA PAONE,                    :
                                 :
                                 :
                    Plaintiffs   :
                                 :   NO. 3:CV-04-970
          -vs-                   :
                                 :   (Judge Kosik)
                                 :
JOSEPH A. LIPUMA and             :
WERNER ENTERPRISES, INC.,        :
                                 :
                                 :
                    Defendants   :

## MEMORANDUM AND ORDER

We have before us two motions:  First, both defendants' motion in limine to preclude the testimony of Cecil Lane, an expert being offered by plaintiff, or in the alternative, a request for a hearing under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993), to determine whether the expert's testimony is relevant, reliable and whether the expert is qualified to offer his opinions on issues dealing with liability.[1]  Second, both defendants' motion for partial summary judgment on plaintiff's claims for punitive damages, as well as plaintiff's independent claim against defendant Werner Enterprises, Inc. for negligent hiring, supervision and entrustment.  In this case, the record is closed following discovery, and the case is scheduled for trial.  Discovery included extensive records and depositions and/or affidavits.

---

[1]     A hearing is not essential in every such case. *Kumho Tire Co., Ltd v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 1176 (1999).  We do not believe a hearing is required here because we not only have the expert's report along with a defense expert's report, but we also have the plaintiff's expert's discovery deposition consisting of 155 pages and numerous exhibits.

We will first address the in limine motion dealing with plaintiff's expert because it could at least partially serve as the underpinning of the summary judgment motion.

### Background

This case arose out of a motor vehicle accident occurring on July 22, 2003 at about 3:30 p.m.  On that day, plaintiff Joseph Paone, Sr. was a front seat passenger of a vehicle operating in the right lane of I-81 North in Mahonoy, Pennsylvania. At the same time and place, Kristen Laurenson was driving a vehicle behind the Paone vehicle.   Defendant Joseph Lipuma was driving a tractor trailer owned by Werner Enterprises. Inc.  Lipuma was operating behind Laurenson.  Prior to the collision, Lipuma was traveling at 65 mph on a straight road.

All vehicles moved to the left lane of I-81 because of an accident that was being cleared in the right lane and shoulder.  Lipuma states that all vehicles had slowed to approximately 50-55 mph.[2]  After passing the area of the accident, Lipuma decided to return to the right lane because the front vehicles slowed to less than 50 mph.  He looked into his right mirrors to determine if the right lane was clear to allow his return.  Before he could change lanes after signaling a change in lanes, Lipuma focused to the front and realized the front vehicles had stopped in a line of traffic.[3]  At this point, he realized a accident would occur.  At the time he was following the front vehicles past the earlier accident scene, he was approximately two to three car lengths behind, but when he refocused before making a change in lanes, he was only one car length behind the vehicle he was following.  He struck the Laurenson vehicle which, in turn, struck the rear of the Paone vehicle.

---

[2]      Most of the evidentiary review at this point is taken from plaintiff's expert report of Cecil Lane.

[3]      Another witness reviewed by Lane, Karol Kalroth, reported that the front vehicles were not stopped at the time of the collision.

The police report following the accident basically confirms the above events. Lipuma agreed with the police report. He further admitted to the officer that he was following too closely and was traveling at a speed too fast for the conditions to allow proper control of his vehicle. Lipuma ultimately pled guilty to the police citations and paid the appropriate fines.

Although plaintiff suffered an injury, he was not hospitalized. He does claim some disc injury and generalized pain at various points of the body. Medical expense and wage loss has been minimal. However, plaintiff seeks punitive damages from the defendant driver and separately from the defendant Werner. Defendants admit to the liability of the driver Lipuma only, and dispute the existence of facts or circumstances to warrant a consideration of punitive damages.

### I.

Plaintiff Paone is offering the testimony of Cecil Lane as an expert in the trucking industry who has been operating trucks since 1960. Although he had less than a high school education, Lane has served in the Marine Corps in related works and has worked with the Arizona Department of Public Safety. Lane has instructed others with respect to the Federal Motor Carrier Safety Regulations (FMCSR). He attended several courses of limited duration on driver fatigue though he is admittedly not a sleep expert. Lane was retained as a representative of the Salt Institute.

Since defendants admit the driver's liability, Lane's purpose is intended to support their claim for punitive damages. He bases his opinions on a review of the extensive record and his own reconstruction of Lipuma's hours of service taken from Werner's satellite tracking system known as Qualcomm. The system is equipped with a sensor to track data from vehicles while in operation. All driver logs are completed by computer which automatically audits the driver's logs. It monitors vehicle movements and is, according to

Werner, designed to warn drivers of any violations, including hours of service permitted by regulations under FMCSR.

Lane concludes that Lipuma continually falsified his driver logs in violation of the regulations dealing with permissible hours of operation and that Werner was aware of the violations, yet continued to dispatch him.  He reasoned that as a result, Lipuma was in a "low state of mental arousal" at the time of the accident.  The defense attacks these opinions claiming that under the _Daubert_ standard as elaborated in _Elcock v. K-Mart Corp._, 233 F.3d 734 (3d Cir. 2000), Lane is not qualified and if qualified, his opinions are not reliable because they are erroneous and not based on fact.  While Lane's qualifications are rather thin, he is being offered for non-scientific testimony based on his experience in the trucking industry.  He admittedly does not qualify as a sleep expert to opine on Lipuma's mental arousal state or fatigue even if his opinion is based entirely on his reconstruction of Lipuma's hours of service from Werner's records acquired with the satellite system.  We emphasize "entirely" because no witness, including the police report, has offered facts to suggest fatigue.  Lipuma himself testified he had completed a nap before commencing the trip and was in good health.

Although Lane may be qualified on trucking industry matters, his opinions about either defendants' violation of FMCSR regulations based on his reconstruction of Werner's computer records is suspect.  His experience as a driver was with paper logging.  He never operated an electronic logging system from a truck, although he took a course in a similar system.  In reconstructing that Lipuma was on duty for 91.5 hours in the eight days prior to and including the day of the collision, Lane conceded he has little or no first hand experience with a computerized messaging system except the kind of experience derived from seeing the different kind of systems.  He never actually looked at the Qualcomm messaging system in operation.  Lane premised his calculation of the hourly duty time for Lipuma based on a FMCSR regulation, Part 395.2, which defined on duty time.  Defendants

-4-

agree, except that Part 395.2(1) provides that a motor carrier employer may relieve a driver from duty during certain times which would otherwise be calculated as on duty time.  Lane concedes that Duane Hern, Vice President of Safety for Werner, testified that Werner drivers were relieved from duty while waiting to be loaded or when not involved in that process.  Lipuma himself indicated there were such exceptions by the carrier and that he was not falsifying the logs.[4]  Lane's premise that Lipuma falsified his logs, in part, results from claims that Lipuma falsified the logs as to fueling times, claiming that based on his own experience and the regulations, a driver could not refuel in 15 minutes.  A similar assertion of falsification results from Lane's belief that a pre-trip inspection takes more than 15 minutes as logged.  His experience is that it takes 25 minutes to do an inspection.

Except for his opinion that Lipuma should not have been rehired by Werner because he had three previous vehicle violations[5], the entire thrust of his testimony is based on his reconstruction of the computer records pertaining to Lipuma's operations for the carrier showing what he believes to be excessive hours of operation.  On this subject, we believe Lane's expertise is questionable.  It goes beyond credibility, it affects his reliability and therefore, we believe his opinions should be excluded.

**II.**

Next, we will address the motion for partial summary judgment on plaintiff's claims for punitive damages and plaintiff's independent claims against Werner for negligent hiring, supervision and entrustment.

---

[4]    The police report found no safety violations.  Lane admits the police officer's inspection should include the driver's logs, but he was unaware if the officer did inspect the logs or was even qualified to do so.

[5]    Lane was uncertain about the nature of his three violations and whether any were, in fact, summary violations which, according to the defense, did not preclude rehiring.

Granted that our exclusion of plaintiff's expert Cecil Lane's opinions makes their punitive damages claim rather tenuous, we are not convinced that even without Lane's opinions there is not a genuine issue of material fact which should await trial.

The motion will be **DENIED**.

SO ORDERED.


s/Edwin M. Kosik
United States District Judge


Date: February 1, 2006